IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROSARIO BETANCOURT-GARCIA, | |
| Petitioner, | 8:24CV322 |
| vs. | |
| ROB JEFFREYS, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the Court on a motion to proceed in forma pauperis (the "IFP Motion"), Filing No. 2, a motion to appoint counsel, Filing No. 4, and a motion for copies, Filing No. 8, filed by Petitioner Rosario Betancourt-Garcia ("Petitioner") and on preliminary review of Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254. For the reasons set forth below the IFP Motion and the Motion to Appoint Counsel shall be denied.

Upon preliminary review the Court determines that review of this matter shall not proceed further until Petitioner cures the deficiencies discussed below via filing a supplement to or amending his Petition. To that end Petitioner's Motion for Copies whereby Petitioner seeks a file stamped copy of his Petition, Filing No. 8, is granted to the extent the Court shall provide Petitioner with a copy of his Petition in order to assist him in preparing his supplement or amendment as discussed herein.[1]

---

[1] The Court notes the statutory right to proceed in forma pauperis does not include the right to receive copies of documents without payment. 28 U.S.C. § 1915; *see also Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y.1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077, 1078 (8th Cir.1973)).

## I.  IFP MOTION

In his IFP Motion Petitioner seeks leave to proceed without payment of fees in this matter.  Filing No. 2.  However, Petitioner paid the $5.00 filing fee on August 30, 2024. *See* Filing No. 6.  As the filing fee has already been paid, the IFP Motion shall be denied as moot.

## II.  MOTIONTO APPOINT COUNSEL

Petitioner also seeks appointment of counsel arguing that appointment is appropriate as he is unable to pay for private counsel, the issues in the case are meritorious and complex, Petitioner has limited access to the law library and limited knowledge of the law, the case requires extensive discovery, and there may be conflicting evidence requiring speaking with witnesses that Petitioner may not have access to due to his incarceration.  Filing No. 4 at 1.  "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court."  *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997).  As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required.  *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994).  *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).

The Court finds there is no need for the appointment of counsel at this at this early stage of the proceedings.  The motion for counsel, Filing No. 4, shall therefore be denied

without prejudice. The Court will, however, "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

### III.  PRELIMINARY REVIEW

The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. A habeas corpus petition must "substantially follow either the form appended to [the *Rules Governing Section 2254 Cases in the United States District Courts*], or a form prescribed by a local district-court rule." *See* Rule 2 of the *Rules Governing Section 2254 Cases in the United States District Courts*. Here, Petitioner did not use the Form AO 241, Petition for Writ of Habeas Corpus by a Person in State Custody. Rather, Petitioner submitted a lengthy, typed document that does not clearly indicate the grounds (claims) upon which Petitioner seeks habeas relief. Filing No. 1.

The Petition contains four enumerated sections titled "jurisdiction background," "statement of facts," "procedural history," and "argument," *id.* at 1, 6, 12, 16, but there is no section titled "claims" or "grounds."[2]  As such, Petitioner must amend or supplement his Petition to clearly state the grounds on which he wishes to proceed in his federal habeas and facts in support of each ground.

---

[2] While it appears to this Court that Petitioner's grounds for relief may be contained in the section titled "argument," *see* Filing No. 1 at 17–27, it is inappropriate for this Court to guess or otherwise make such a presumption.

IT IS THEREFORE ORDERED that:

1. Petitioner's IFP Motion, Filing No. 2, is denied as moot.

2. Petitioner's Motion to Appoint Counsel, Filing No. 4, is denied without prejudice to reassertion.

3. Petitioner's Motion for Copies, Filing No. 8, is granted to the extent he seeks a copy of his Petition at Filing No. 1.

4. The pending Petition, Filing No. 1, is deemed insufficient and the Court will not act upon it.

5. By **November 25, 2024**, Petitioner shall file a supplement or an amended petition for writ of habeas corpus that is originally signed under penalty of perjury and contains a listing of the grounds on which he seeks habeas relief. Petitioner is encouraged, but is not required, to use the enclosed official Form AO 241. To the extent Petitioner seeks to supplement his Petition he may incorporate the Petition by reference in his Supplement so long as he clearly indicates the nature of his claims and facts in support of each. Failure to file an amended petition or supplement in accordance with this Memorandum and Order will result in dismissal of this matter without further notice.

5. The Clerk of the Court is directed to send to Petitioner the Form AO 241 ("Petition for Relief From a Conviction or Sentence By a Person in State Custody") and a copy of his Petition, Filing No. 1.

6. The Clerk of the Court is directed to set a pro se case management deadline in this matter with the following text: **November 25, 2024**: Check for amended petition or supplement.

Dated this 25th day of October, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court