IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROSARIO BETANCOURT-GARCIA,<br><br>    Petitioner,<br><br>vs.<br><br>ROB JEFFREYS,<br><br>    Respondent. | **8:24CV322**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on preliminary review of the Petition for Writ of Habeas Corpus, Filing No. 1, and two supplements, Filing Nos. 10 and 14 (collectively the "Petition"), filed by Petitioner Rosario Betancourt-Garcia ("Petitioner") pursuant to 28 U.S.C. § 2254. Also before the Court is a motion for copies, filed by Petitioner on December 20, 2024. Filing No. 12.

## I. Motion for Copies

In his motion for copies Petitioner seeks a file-stamped copy of his November 14, 2024 supplement to his Petition. Filing No. 12. However, the fact that Plaintiff was allowed to proceed in forma pauperis does not entitle him to receive copies of documents without payment. 28 U.S.C. § 1915; *see also Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077, 1078 (8th Cir. 1973)).

While the Court shall grant Plaintiff's Motion for Copies and shall instruct the clerk's office to send a file-stamped copy of Filing No. 10 to Petitioner, no further motions shall be granted. Instead, if Petitioner requires additional copies of court documents, he should contact the clerk's office to determine the proper method of requesting and paying for copies. *See* NEGenR 1.3(a)(1)(A)(iii) ("Paper and certified copies of electronically filed documents may be purchased from the clerk for a fee collected under 28 U.S.C. § 1914.").

## II. Preliminary Review

The purpose of a preliminary review of a Petition is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Condensed and

summarized for clarity and liberally construed, the Court preliminarily decides that the following claims are potentially cognizable in federal court:

>   Claim One: The trial court erred in failing to quash the amended information as barred by the limitations period set forth in Nebraska Revised Statute § 29-110.
>
>   Claim Two: The trial court erred in not directing a verdict of acquittal because the State failed to produce evidence sufficient to sustain a jury verdict that Petitioner was "fleeing from justice" as set forth in Nebraska Revised Statute § 29-110(1).
>
>   Claim Three: Ineffective assistance of trial counsel for dismissing Petitioner's appeal of the trial court's order that overruled Petitioner's motion for absolute discharge on counts 1 and 2, in violation of the Sixth Amendment of the United States Constitution.
>
>   Claim Four: Trial court error for failure to treat Petitioner's kidnapping violation as a class II felony which would have resulted in a lesser sentence.
>
>   Claim Five: Ineffective assistance of appellate counsel for failure to raise a claim that Petitioner's trial counsel was ineffective due to his failure to argue that the destruction and unavailability of destroyed evidence violated Petitioner's right to due process in violation of the Sixth Amendment of the United States Constitution.
>
>   Claim Six: Ineffective assistance of appellate counsel for failure to raise a claim that Petitioner's trial counsel was ineffective due to his failure to apprise Petitioner of the penalty for conspiracy to commit kidnapping and his failure to ensure Petitioner understood the state's sentencing recommendation during plea negotiations in violation of the Sixth Amendment of the United States Constitution.

| | |
|---|---|
| Claim Seven: | Ineffective assistance of appellate counsel for failure to raise a claim that Petitioner's trial counsel was ineffective due to his failure to file a motion to quash Counts I and II of the information in violation of the Sixth Amendment of the United States Constitution. |
| Claim Eight: | Ineffective assistance of appellate counsel for failure to raise a claim that Petitioner's trial counsel was ineffective due to his failure to quash or dismiss Count II of the information in violation of the Sixth Amendment of the United States Constitution. |
| Claim Nine: | Ineffective assistance of appellate counsel for failure to raise a claim that Petitioner's trial counsel was ineffective due to his failure to object to hearsay testimony during the prehearing on Petitioner's motion for absolute discharge in violation of the Sixth Amendment of the United States Constitution. |
| Claim Ten: | Ineffective assistance of appellate counsel for failure to raise a claim that Petitioner's trial counsel was ineffective due to his failure to secure a different translator to translate Petitioner's recorded jail phone calls due to the translator's conflict of interest in violation of the Sixth Amendment of the United States Constitution. |
| Claim Eleven: | Ineffective assistance of trial counsel for failure to withdraw as Petitioner's counsel due to a conflict of interest in violation of the Sixth Amendment of the United States Constitution. |
| Claim Twelve: | Ineffective assistance of appellate counsel for failure to raise a claim that Petitioner's trial counsel was ineffective due to his failure to call interpreter Nino-Mucia to testify regarding inaccurate translations of Petitioner's recorded jail calls in violation of the Sixth Amendment of the United States Constitution. |

| | |
|---|---|
| Claim Thirteen: | Ineffective assistance of appellate counsel for failure to raise a claim that Petitioner's trial counsel was ineffective due to his failure to file a motion for directed verdict on Count III in violation of the Sixth Amendment of the United States Constitution. |
| Claim Fourteen: | Ineffective assistance of appellate counsel for failure to raise a claim that Petitioner's trial counsel was ineffective due to his failure to investigate, depose, and subpoena several witnesses who may have provided impeachment testimony in violation of the Sixth Amendment of the United States Constitution. |
| Claim Fifteen: | Ineffective assistance of appellate counsel for failure to raise a claim that Petitioner's trial counsel was ineffective due to his failure to move for a new trial due to denial of the right to confront witnesses in violation of the Sixth Amendment of the United States Constitution. |
| Claim Sixteen: | Ineffective assistance of appellate counsel for failure to raise a claim that Petitioner's trial counsel was ineffective due to his failure to object to the testimony of Petitioner's wife in violation of the Sixth Amendment of the United States Constitution. |
| Claim Seventeen: | Ineffective assistance of appellate counsel for failure to raise a claim that Petitioner's trial counsel was ineffective due to his failure to object to multiple jury instructions in violation of the Sixth Amendment of the United States Constitution. |
| Claim Eighteen: | Ineffective assistance of appellate counsel for failure to raise a claim that Petitioner's trial counsel was ineffective due to his failure to adequately advice Petitioner regarding his right to not testify in violation of the Sixth Amendment of the United States Constitution. |
| Claim Nineteen: | Ineffective assistance of appellate counsel for failure to raise a claim that Petitioner's trial counsel was ineffective due to his failure to challenge the district court's decision to not instruct |

|  |  |
|---|---|
|  | the jury on the lesser-included offence of first degree false imprisonment in violation of the Sixth Amendment of the United States Constitution. |
| Claim Twenty: | District court erred in denying Petitioner's layered claims of ineffective assistance of counsel regarding Petitioner's alibi defense and his "misidentification defense" in violation of the Sixth and Fourteenth Amendments of the United States Constitution. |
| Claim Twenty-One: | District court erred in denying Petitioner an evidentiary hearing on his 16 layered claims of ineffective assistance of counsel. |
| Claim Twenty-Two: | District court erred in denying Petitioner's state habeas corpus in violation of the Fourteenth Amendment of the United States Constitution. |

Filing No. 1 at 17–27; Filing No. 10 at 11–20, Filing No. 14 at 4–5.

The Court determines that these claims, when liberally construed, are potentially cognizable in federal court.[1] However, the Court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

IT IS THEREFORE ORDERED that:

1. The Motion for Copies, Filing No. 12, is granted. The Clerk's Office is instructed to provide Petitioner with a file-stamped copy of Filing No. 10.

---

[1] The Court notes that Claims One and Two appear to seek a determination or interpretation of Nebraska Revised Statute § 29-110. To the extent Petitioner only seeks a determination of state law in Claims One and Two, issues of pure state law are not proper subjects of federal habeas relief. 28 U.S.C. § 2254(a) and are therefore subject to dismissal. *See Nance v. Norris*, 392 F.3d 284, 289 (8th Cir. 2004) ("errors of state law are not cognizable in federal habeas courts"). However, because Petitioner may intend to also raise federal constitutional claims relating to Claims One and Two, the Court shall allow those claims to proceed at this juncture.

2. Upon initial review of the habeas corpus Petition, Filing Nos. 1, 10, and 14, the Court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court.

3. By **February 27, 2025**, Respondent shall file a motion for summary judgment or state court records in support of an answer. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **February 27, 2025**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

4. If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

    A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

    B. The motion for summary judgment must be supported by any state Court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

    C. Copies of the motion for summary judgment, the designation, including state Court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's motion and brief. In the event that the designation of state Court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion

        must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D.    No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the Court.

    E.    No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

    F.    If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

5.    If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

    A.    By **February 27, 2025**, Respondent must file all state Court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B. No later than 30 days after the relevant state Court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the Court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief. In the event that the designation of state Court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the Court.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to

        file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

    F.    The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **March 31, 2025**: check for Respondent's answer and separate brief.

6.    No discovery shall be undertaken without leave of the Court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Dated this 13th day of January, 2025.

BY THE COURT:

*[signature: John M. Gerrard]*

John M. Gerrard
Senior United States District Court Judge