IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROSARIO BETANCOURT-GARCIA,<br><br>Petitioner,<br><br>vs.<br><br>ROB JEFFREYS,<br><br>Respondent. | **8:24CV322**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Petitioner's "Motion Requesting Additional State Court Records in Support of Answer," (the "Motion for Records"), Filing No. 25, to which Respondent filed a response, *see* Filing No. 27, a motion to appoint counsel (the "Motion for Counsel"), Filing No. 24, and a "Motion to Set Deadline for Petitioner to File His Response to Respondent's Answer" (the "Motion to Reset Deadlines"), Filing No. 28, which this Court construes both as a reply to Respondent's response to the Motion for Records, as well as a motion to reset the progression order deadlines in this case following resolution of that motion.

For the reasons that follow the Motion for Records, and the Motion for Counsel shall be denied without prejudice, and the Motion to Reset Deadlines shall be granted.

## I.  MOTION FOR RECORDS

On May 14, 2025, Petitioner filed a Motion for Records seeking copies of Filing Nos. 21-1 through 21-5, 21-7 through 21-19, 21-21 through 21-23, 21-25 through 21-33, 21-35, 21-37 and 21-39, which he alleged were not included in the records he received with Respondent's Answer and brief in support.  Filing No. 25 at 2.  Upon review of the Motion for Records, this Court ordered

Respondent to file a response and suspended Petitioner's deadline to file a reply as set forth in this Court's January 13, 2025, Memorandum and Order (the "Progression Order"), *see* Filing No. 15, until the Motion for Records was resolved, Filing No. 26.

On June 9, 2025, Respondent filed a response arguing the Motion for Records should be denied as pursuant to the Progression Order Respondent is only required to send Petitioner copies of the record cited in his answer and brief. *Id.* However, Respondent also noted he had erroneously failed to supply Petitioner with copies of Filing No. 21-29 at 204-06 but had since mailed copies of those pages to Petitioner. *Id.* In his Motion to Reset Deadlines, Petitioner indicates that the Motion for Records is "resolved" and now seeks a reinstatement of the Progression Order and a new reply deadline so the matter may proceed.

It is unclear to this Court whether Petitioner seeks to withdraw his Motion for Records or whether he no longer seeks any other documents requested in the Motion for Records. However, as it is clear that Petitioner considers the matter resolved, the Motion for Records shall be denied without prejudice as Respondent has supplied all required documents under the Progression Order.

## II. MOTION FOR COUNSEL

Petitioner seeks appointment of counsel for the third time, arguing that appointment is appropriate as he is unable to pay for private counsel, the issues in the case are meritorious and complex, Petitioner has limited access to the law library and limited knowledge of the law, the case requires extensive discovery, and there may be conflicting evidence requiring speaking with witnesses that Petitioner may not have access to due to his incarceration. Filing No. 24 at 1-2. While these reasons are the same reasons Petitioner

2

stated in his prior motions seeking counsel, *see* Filing No. 4 at 1; Filing No. 16 at 1-2, Petitioner now notes that a new development has occurred in the form of the requirement that he file a reply to Respondent's answer, *see* Filing No. 24 at 1-2. While Petitioner's prior motion for counsel was denied with the caveat that further developments in his case may arise where counsel is warranted, the case having progressed to the point Petitioner must respond to Respondent's answer is not a change that warrants the appointment of counsel.

As Petitioner is aware from this Court's prior orders addressing his prior motions to appoint counsel, there is no right to counsel in these proceedings. *See e.g.* Filing No. 9 at 2 (citing *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997)). Instead, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *Id.* (citing *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994); Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted)).

This Court is aware that Petitioner believes the resolution of this case will require "discovery of documents and depositions of a number of witnesses" which he contends necessitates the assistance of counsel. *See* Filing No. 16 at 2. While such events do occasionally occur in some habeas cases, Petitioner's case has not progressed to such a point at this time. While this Court may sympathize with the Petitioner's alleged difficulties, the Petitioner's case does not meet the threshold to warrant this Court's appointment of counsel on his behalf.

The motion for counsel, Filing No. 24, shall therefore be denied without prejudice. As previously noted, the Court will, however, "continue to be alert

to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

### III. MOTION TO RESET DEADLINES

Petitioner seeks to reset the deadlines to file his reply to Respondent's answer, arguing that the Progression Order deadlines no longer need to be suspended as the Motion for Records has been resolved. Filing No. 28. The Court agrees. The Motion to Reset Deadlines at Filing No. 28 shall be granted. Petitioner is directed to file his reply as set forth below.

IT IS THEREFORE ORDERED that:

1. The Motion to Reset Deadlines, Filing No. 28, is granted. Petitioner shall file a reply to Respondent's Answer and Brief in Support, Filing Nos. 22 and 23, on or before **September 8, 2025**, in accordance with the terms of this Court's Progression Order at Filing No. 15, which, aside from the deadlines contained therein, remains in effect.

2. The Motion for Records, Filing No. 25, and the Motion for Counsel, Filing No. 24, are denied without prejudice to reassertion.

3. Petitioner is reminded that any extension of the deadline to file his reply must be filed before the expiration of the September 8, 2025, deadline.

4. The Clerk of Court is directed to set a pro se case management deadline using the following text: **September 8, 2025**: check for Petitioner's reply brief.

Dated this 7th day of August, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge